

**Bert Wells**
Direct Phone: +1 212 549 0323
Email: bert.wells@reedsmith.com

Reed Smith LLP
599 Lexington Avenue
New York, NY 10022-7650
+1 212 521 5400
Fax +1 212 521 5450
reedsmith.com

December 1, 2023

**Via ECF**

Hon. Arun Subramanian
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Courtroom 15A
New York, NY 10007

**Re:  Lafarge Canada Inc., et al., v. American Home Assurance Co., et al., No. 15-cv-8957**

Dear Judge Subramanian:

This firm represents plaintiffs Lafarge Canada Inc. ("LCI") and Lafarge North America Inc. (collectively, "Lafarge") in the above-referenced action (the "Action"), which has been stayed pursuant to the Opinion & Order dated March 31, 2018 (Dkt. No. 110) issued by the U.S. District Judge previously assigned to this action, Judge Ronnie Abrams. We submit this letter jointly on behalf of Lafarge and the three Defendants (all of which are affiliates of American International Group, Inc. and liability insurers of Lafarge) to (1) provide background on this matter, (2) report on the status of certain Canadian proceedings related to this action, and (3) request that the Court adjourn the status conference scheduled for Friday, December 8 to a date in June 2024.

This Action concerns an insurance coverage dispute arising from certain mass tort litigation and related third-party contribution actions in the courts of Quebec, Canada (the "Underlying Litigation"), in some but not all of which LCI is a defendant. Lafarge seeks a declaratory judgment determining the Defendants' coverage obligations to it for the Underlying Litigation under the liability insurance policies that the Defendants sold to Lafarge over an eleven-year period.

The many hundreds of direct claims in the Underlying Litigation were organized into "waves," with each Wave batched together for discovery and trial; the only direct claims to have been tried so far are those in "Wave 1." The third-party contribution claims that ensued have been separately termed "Warranty" claims (so called because contribution claims in Quebec are referred to as "actions in warranty"). LCI was not a defendant in Wave 1, but SNC Lavalin, the corporate defendant that was found principally liable in the Wave 1 trial,[1] brought a third-party contribution claim against LCI—the "Wave 1 Warranty" action—for SNC Lavalin's own liability for the Wave 1 judgment, an amount exceeding C$100 million (i.e., Canadian dollars).

In the interim, this Action has proceeded through completion of fact and expert discovery, and both sides filed, briefed and argued summary judgment motions. Judge Abrams determined that, due to

---

[1] The Wave 1 judgment against SNC Lavalin has since been upheld by the Court of Appeal and leave was then denied by the Supreme Court of Canada.

ABU DHABI ♦ ASTANA ♦ ATHENS ♦ AUSTIN ♦ BEIJING ♦ BRUSSELS ♦ CENTURY CITY ♦ CHICAGO ♦ DALLAS ♦ DUBAI ♦ FRANKFURT ♦ HONG KONG
HOUSTON ♦ LONDON ♦ LOS ANGELES ♦ MIAMI ♦ MUNICH ♦ NEW YORK ♦ ORANGE COUNTY ♦ PARIS ♦ PHILADELPHIA ♦ PITTSBURGH
PRINCETON ♦ RICHMOND ♦ SAN FRANCISCO ♦ SHANGHAI ♦ SILICON VALLEY ♦ SINGAPORE ♦ TYSONS ♦ WASHINGTON, D.C. ♦ WILMINGTON

US_ACTIVE-176201299 6-RMSQUIRE 12/01/2023 11:26 AM

Hon. Arun Subramanian
December 1, 2023
Page 2

ReedSmith

considerations of comity, the factual and legal issues potentially in common between the Action and the Underlying Litigation would need to be resolved *in the Underlying Litigation* before she would exercise her discretion to render a declaratory judgment in response to the summary judgment motions. Accordingly, she stayed this Action in March 2018.  Since that date, no substantive proceedings in this Action have ensued, and instead the parties have periodically filed status reports.  The status conferences scheduled by the Court at six-month intervals after each status report date have been adjourned repeatedly, because the Underlying Litigation remained (and remains) pending.

During the period that this Action has been stayed, LCI has made significant progress in resolving the portions of the Underlying Litigation that it must defend, although none of that litigation is yet final as against LCI.  Most significantly, LCI prevailed in the Wave 1 Warranty trial on all counts that SNC Lavalin asserted.  SNC Lavalin then appealed to the Quebec Court of Appeal, the intermediate appellate court with appropriate jurisdiction in Canada's system.  Since the parties' last update to the Court six months ago (prior to the assignment of the Action to Your Honor), the Quebec Court of Appeal affirmed the Wave 1 Warranty trial court's verdict.  SNC Lavalin then applied to the Supreme Court of Canada for leave to appeal.  LCI opposed that application, which has now been fully briefed and is awaiting decision. LCI expects that process to take several months or more.

The other waves of the Underlying Litigation have not yet progressed to trial, although some have been settled by the parties thereto, including SNC Lavalin but not including LCI.  SNC Lavalin has retained its potential third-party contribution claims against LCI arising from such settled claims.  These "warranty" claims have not progressed and are not expected to progress during the pendency of SNC Lavalin's application for leave to appeal to the Supreme Court of Canada as to the Wave 1 Warranty action.

Accordingly, and in the interest of judicial economy, the parties request that the Court adjourn the December 8 status conference for approximately six months, with the parties to file a joint status report one week in advance.  As has been the case with previous adjournments, the parties propose that they be permitted to apply for a lift of the Court's stay in this action before the proposed status conference should there be a development justifying such relief.

Respectfully submitted,

/s/ Bert Wells

Bert Wells
Reed Smith LLP

The December 8 conference is CANCELED. On or before March 4, 2024, the parties shall provide a joint status update. At that time, the parties should propose a new date for the conference.
SO ORDERED.

Arun Subramanian, U.S.D.J.
December 4, 2023